**Johnny J. STEWART, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–81–599CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 13, 1982.

Walter Pink, Houston, for appellant.

Alvin Titus, Houston, for appellee.

Before JUNELL, MURPHY and SAM ROBERTSON, JJ.

MURPHY, Justice.

Appellant appeals his conviction over his plea of not guilty by a jury for passing a forged instrument. Punishment was enhanced by a prior conviction for the same offense and assessed at twenty years confinement. In five grounds of error appellant challenges the legality of his arrest and the seizure of items employed in the commission of the offense, the sufficiency of the evidence, and the admissibility of certain testimony. We affirm.

Appellant was indicted for attempting to cash a forged payroll check under the name of James Taylor at Weingarten's grocery store in Houston, Texas on July 23, 1977.

In his first ground of error appellant contends his arrest and the subsequent seizure of certain property were illegal. Detective Pat Lawson testified that the Houston Police Department had appellant under surveillance for the forgery at Weingarten's prior to his arrest on August 25, 1977, at the Braniff Apartments on the Gulf Freeway. Lawson testified the surveillance and investigation were set up after receipt of information of appellant's location from an anonymous informant on August 25, 1977. On the day of appellant's arrest, Lawson went to apartment number 67, identified herself, and asked Ms. Juanita Jackson who leased the apartment if she could enter and look for appellant on the premises. Lawson had no arrest warrant. Ms. Jackson gave her consent. Upon entry Lawson saw a check imprinter, blank checks and a typewriter. The imprinter and the checks were shown by subsequent testimony to have been taken from Heatran, Inc. on or about July 23, 1977. Lawson arrested appellant who had been in the bathroom and seized the property described above. Tex.Code Crim.Pro.Ann. art. 14.03 authorizes arrest without a warrant when circumstances reasonably show the accused is or has been guilty of a felony or is about to commit a felony. (Vernon 1979). The circumstances of appellant's arrest in addition to police surveillance provide sufficient probable cause for his arrest. There is nothing in the record to suggest appellant leased or lived in the apartment where he was arrested. Appellant has no standing to complain of the search of an apartment in which he has no possessory interest or expectation of privacy. Rakas v. Illinois, 439 U.S. 128, 138–39, 99 S.Ct. 421, 427, 58 L.Ed.2d 387 (1978); Katz v. United States, 389 U.S. 347, 353, 88 S.Ct. 507, 512, 19 L.Ed.2d 576 (1969); Johnson v. State, 583 S.W.2d 399, 404 (Tex.Cr.App.1979). Moreover, items in plain view are subject to seizure if the seizing officer is legally on the premises. Coolidge v. New Hampshire, 403 U.S. 443, 465–66, 91 S.Ct. 2022, 2037, 29 L.Ed.2d 564 (1971); Miller v. State, 608

S.W.2d 684, 685 (Tex.Cr.App.1980). Lawson was legally on the premises, i.e., with the lessee's permission. We find no illegality in appellant's arrest or the seizure of the property and overrule appellant's first ground of error.

■ Appellant's second ground of error asserts the trial court erred in allowing the state to infer appellant had burglarized Heatran, Inc. thereby improperly admitting evidence of an extraneous offense. Evidence of collateral offenses which form part of the criminal plan or design is admissible to prove an accused's intent. *Yarbrough v. State,* 617 S.W.2d 221, 225 (Tex.Cr.App. 1981); *Archer v. State,* 607 S.W.2d 539, 542 (Tex.Cr.App.1980); *Albrecht v. State,* 486 S.W.2d 97, 100, 102–03 (Tex.Cr.App.1972). The record contains testimony by Jerry Landers, former president of Heatran, Inc., indicating an imprinter and blank checks were stolen from the company in July, 1977 and state's exhibit number one, the forged check, was among that stolen property. We hold the evidence of the burglary occurring on or about July 23, 1977 was properly admitted to prove the intent to pass a forged instrument on the same date and overrule appellant's second ground of error.

■ In his third ground of error, appellant contends he was not allowed to impeach a state witness on cross-examination. Appellant's assertion is untrue and without merit for the record shows he had been allowed to ask the same questions earlier. The trial court's disallowing the later repetition of those questions is not error and we overrule his third ground of error.

■ Appellant's fourth ground of error challenges the trial court's overruling his motion for directed verdict of not guilty. Appellant contends insufficient evidence supports his conviction. The record is replete with evidence supporting appellant's conviction, including his picture as he cashed the check, his handwriting sample, the testimony described above as to the checks and imprinter stolen from Heatran Inc., and the forged check allegedly issued by Heatran, Inc. by an individual no longer employed by the company and on an account no longer in existence at the time of offense. In order to prove an accused committed forgery, the state must show she/he passed the instrument as true and that she/he knew it was a forgery at that time. *Albrecht v. State, supra* at 102. The record amply confirms the elements of that offense. Accordingly, we overrule appellant's contention.

■ Appellant's final ground of error maintains the trial court impermissibly admitted hearsay testimony before the jury concerning the information as to appellant's location police received from an anonymous informant. This contention is untrue and without merit. Lawson testified only that she had received a phone call and learned appellant was located at the Braniff Apartments, subsequently shown to be true and to which appellant stipulated. The information was not admitted for its truth but rather to indicate the purpose of the police surveillance at that location. Such evidence is not hearsay. *Black v. State,* 503 S.W.2d 554, 557 (Tex.Cr.App.1974); 1 C. McCORMICK Evidence § 246 (2d ed. 1972). *Contra, Haynes v. State,* 567 S.W.2d 518, 519 (Tex.Cr.App.1978). We overrule appellant's final ground of error and affirm the trial court's judgment.

Affirmed.