Terry Lee MASON, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–89–875–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 11, 1990.

James M. Leitner, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Following a jury trial, appellant was convicted of murder and sentenced to six years confinement in the Texas Department of Corrections. In three points of error, he complains of the trial court's refusal to give an instruction on the lesser-included offense of voluntary manslaughter and the sufficiency of the evidence. We affirm.

In his first point of error, appellant argues that the trial court committed reversible error in overruling appellant's request for an instruction on the lesser-included offense of voluntary manslaughter. To be entitled to an instruction on a lesser-included offense, there must be some evidence before the court that, if the defendant is guilty, he is guilty only of the lesser offense. *Simpkins v. State*, 590 S.W.2d 129 (Tex.Crim.App.1979); *Johnson v. State*, 681 S.W.2d 648, 651 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). A charge on the lesser-included offense of voluntary manslaughter should only be given when there is evidence that the defen-

dant acted under the "immediate influence of sudden passion arising from an adequate cause." TEX.PENAL CODE ANN. § 19.04(a) (Vernon 1989); *Marquez v. State*, 725 S.W.2d 217, 223–24 (Tex.Crim.App.1987) (en banc), *cert. denied*, 484 U.S. 872, 108 S.Ct. 201, 98 L.Ed.2d 152 (1987). The "sudden passion" must directly arise from the immediate provocation by the deceased at the time of the offense. *Williams v. State*, 768 S.W.2d 337, 340 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd); TEX.PENAL CODE ANN. § 19.04(b) (Vernon 1989). "Adequate cause" must be an act sufficient to render a person's mind incapable of cool reflection and would commonly produce anger, rage, resentment or terror in a person of ordinary temper. *Id.* § 19.04(c). The record, as summarized below, reflects neither sudden passion nor adequate cause at the time of the offense.

In the early morning on April 29, 1989, appellant was involved in an altercation with the decedent, David William Vick, in the parking lot of a nightclub in Houston. The altercation arose when appellant heard the alarm sound on his Porsche automobile and assumed that Vick was tampering with the car. Vick, the club photographer, was taking a picture of an unidentified couple near the car. Appellant approached Vick, words were exchanged, a fight ensued, and Vick was knocked to the ground. Appellant then got in his car to leave and Vick grabbed hold of the car's passenger door and nearly yanked it off its hinges. Appellant then got out of the car and returned to the club to call the police. Vick followed him into the club asking that the police not be called so that they might work it out on their own. Appellant went into the club's office and dialed 911. Vick remained outside the office at the bar. While another employee was on the phone giving the police dispatcher the club's address, appellant saw Vick through the door and picked up a single barrel shotgun from behind the desk. Shrugging off an attempt by two club employees to stop him, appellant walked to the office door, pointed the gun at Vick and pulled the trigger on an empty chamber. He then pumped a fresh shell into the chamber and shot Vick in the face

and upper right chest. Vick, mortally wounded, staggered outside the building and died in the parking lot.

There is no evidence in the record that appellant was acting under the influence of a sudden passion. Arguably, there was provocation when Vick nearly yanked the door off the car. However, there was no *immediate* provocation at the time of the shooting. *Marras v. State*, 741 S.W.2d 395, 405 (Tex.Crim.App.1987) (en banc); TEX.PENAL CODE ANN. § 19.04(b) (Vernon 1989). There was testimony before the jury that appellant calmly walked away from Vick and returned to the club to call the police. At the time of the shooting, Vick was leaning against the bar outside the door to the club's office and had performed no overt act that could be construed as provocation. Nor was there any testimony that the appellant was in a rage which would justify submission of the voluntary manslaughter instruction. Passion resulting solely from former provocation is insufficient. *Hobson v. State*, 644 S.W.2d 473, 478 (Tex.Crim.App.1983). Further, a mere claim of fear does not establish the existence of sudden passion unless the fear rises to the level that the defendant's mind is incapable of cool reflection. *Gonzales v. State*, 717 S.W.2d 355, 357 (Tex.Crim.App. 1986) (en banc). We overrule point of error number one.

In his second and third points of error, appellant argues that the evidence was factually insufficient to support his conviction because the State never rebutted his assertion of self-defense beyond a reasonable doubt. Appellant, testifying in his own defense, stated that he saw a "glistening object" in Vick's hand just prior to the shooting. However, no weapon was found at the scene except for the shotgun used by appellant. Indeed, on cross-examination, appellant conceded that what he thought was a gun or a knife was actually a chair.

Appellant contends that once he raised the issue of self-defense, the evidence thereafter offered by the prosecution was insufficient to rebut the issue. Appellant misapprehends the applicable burdens of proof. The defendant has the burden of production on the issue of self-defense and, once raised, the State carries the burden of persuasion on the issue. TEX.PENAL CODE ANN. § 2.03(d) (Vernon 1989). The burden, therefore, is "on the State to show beyond a reasonable doubt that appellant *was not* acting in self-defense." *Luck v. State*, 588 S.W.2d 371, 375 (Tex.Crim.App.1979), *cert. denied*, 446 U.S. 944, 100 S.Ct. 2171, 64 L.Ed.2d 799 (1980). However, "the State [is] not required to rebut the defensive issue raised by introducing positive controverting evidence...." *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Crim.App.1978). The State must respond to the asserted justification of self-defense if it appears a reasonable doubt has been created that the defendant, in fact, acted in self-defense. The prosecution's response can be in the form of evidence adduced in its case-in-chief, on cross-examination, or in rebuttal. There was testimony by two witnesses that Vick, the decedent, was merely leaning against the bar prior to the shooting and not, as alleged by appellant, acting in any type of threatening manner that would justify the use of self-defense. The jury was entitled to weigh that evidence in determining the issue.

Once the evidence raises the issue of self-defense, it must be submitted to the jury and it then becomes "the *jury's duty*, under the proper instructions, to determine whether the evidence is credible and supports the defense...." *Moore v. State*, 574 S.W.2d 122, 124 (Tex.Crim.App.1978) (emphasis added). Here, the trial judge properly charged the jury on the issue of self-defense. The jury was then free to weigh and, as it implicitly did in finding appellant guilty of the offense, to disbelieve appellant's defensive evidence. *Nelson v. State*, 573 S.W.2d 9, 12 (Tex.Crim. App.1978) ("self-defense and defense of another are to be determined by the trier of fact"); *Appleman v. State*, 531 S.W.2d 806, 809 (Tex.Crim.App.1975) (self-defense is fact issue submitted to jury if raised). We find the jury had sufficient evidence before it to discredit appellant's assertion of self-defense. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Relying on a recent court of criminal appeals' opinion, appellant argues that the conviction should be reversed and a new trial ordered because the jury's verdict is against the great weight and preponderance of the evidence. *Meraz v. State,* 785 S.W.2d 146 (Tex.Crim.App.1990) (en banc). Appellant has misconstrued *Meraz.* Under *Meraz,* factual sufficiency reviews by the courts of appeals are limited to instances where the appellant must prove an "affirmative defense or other fact issue where the law has designated that the defendant has the burden of proof by a preponderance of the evidence...." *Id.* at 155. No such affirmative defense or fact issue is present here. The correct standard remains whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim. App.1989). We overrule points of error two and three and affirm the judgment.