**Bobby Glenn MARSH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–89–00858–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 8, 1990.

Discretionary Review Refused
Feb. 13, 1991.

**608**

Allen M. Tanner, Houston, for appellant.

Roger A. Haseman, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant entered a plea of not guilty to the felony offense of burglary of a habitation. TEX. PENAL CODE ANN. § 30.02(d)(1). A jury found appellant guilty as charged. The court assessed punishment at life imprisonment at the Texas Department of Corrections based upon two prior felony convictions. TEX. PENAL CODE ANN. § 12.42(c). Appellant brings four points of error. The trial court is affirmed.

On November 10, 1987, Mr. Allen Kennedy, a licensed security guard for the Winchase Apartment complex, saw a Pontiac Grand Prix with paper dealer's license plates parked in front of the complainant's house. The paper tags indicated "Jamie Marsh" was the owner of the vehicle. Officer Kennedy saw a large twenty-five inch television in the back seat of the vehicle. As Officer Kennedy was standing beside the car, he noticed the appellant walk around the corner of the complainant's apartment with a television set in his hands. Officer Kennedy confronted the appellant and asked him what he was doing. Appellant responded that he was helping a "buddy" move and that the car was his buddy's wife's car. When asked from which apartment he had brought the television set, appellant stated that he did not know. The officer then asked him to show him the apartment.

Appellant then put the television set on the automobile's fender and started to walk down the sidewalk followed by the officer. Appellant turned around abruptly. Officer Kennedy placed his hand on his revolver as he believed the appellant might "jump" him. Officer Kennedy then ordered appellant to sit in a grassy area while he called the Sheriff's Department. While outside the front door of complainant's apartment, Officer Kennedy called the Sheriff's Department. Suddenly, appellant arose and began walking toward the car. Officer Kennedy was then struck from behind on the neck and back and knocked to the ground. When Officer Kennedy reached for his revolver, it was missing. A person other than the appellant stood over him, holding the officer's pistol at Officer Kennedy's upper chest and face area. This individual was later identified as the appellant's brother. After the appellant's broth-

er threatened to kill the officer, the appellant and his brother got back into the Grand Prix with the T.V. on the appellant's lap and fled the scene. The officer later discovered that the complainant's apartment had been burglarized.

■ In his first point of error, appellant claims that the trial court committed reversible error when the court permitted the Sheriff's Deputy Lehmann to testify, over appellant's hearsay objection, that he had been told by Officer Kennedy that there were two suspects attempting to burglarize the complainants home. Appellant complains of the following direct examination of the Deputy:

Q [State Prosecutor]: Ok. Did you have an occasion to have a conversation with Mr. Kennedy?

A: Yes, Sir, I did.

Q: Ok, did he tell you what happened?

A: Yes, Sir, he did.

Q: How many suspects did you learn were involved in the case?

MR. TANNER [Appellant's counsel]: I'll object. Hearsay, Your Honor.

THE COURT: Overruled.

BY MR. ROACH [State Prosecutor]: How many suspects did you know that were involved in this case?

A: Mr. Kennedy stated there were two suspects.

Tr.R.Vol. II–174.

Generally, hearsay is testimony as to a statement made out of court which is offered for the purpose of proving the truth of the statement. *See Girard v. State,* 631 S.W.2d 162, 164 (Tex.Crim.App.1982); TEX. R.CRIM.E. 801(d). Here, this testimony is not hearsay. Lehmann testified only that he learned there were two suspects involved in the case. This was not a contested issue. Officer Kennedy had already testified without objection that there were two suspects. Deputy Lehmann's testimony was admitted not for the truth of the matter, but rather to indicate the circumstances surrounding Officer Kennedy's arrest of the suspect. *See Stewart v. State,* 640 S.W.2d 643, 645 (Tex.App.—Houston [14th District.] 1982, no pet.). Point of error number one is overruled.

■ In his second point of error, appellant contends that the trial court erred in overruling appellant's pre-trial motion to suppress a photo spread identification of the appellant by the complainant. It is claimed that the procedure used was unduly suggestive. Counsel objected to the photo spread "on the basis that [appellant] looks like a mug shot photo where you can see typical police department height lines behind him." There was nothing unduly suggestive about these "height lines." Four of the six photographs presented to Officer Kennedy had such lines. The photographs are tight close-ups which are not impermissibly suggestive. Furthermore, Officer Kennedy testified that if he had never seen the photo spread, he would still have been able to identify the appellant in court. He identified the appellant without objection. Any error in the admission of evidence is cured when the same evidence is admitted elsewhere without objection. Appellant's trial counsel must object every time allegedly inadmissible evidence is offered. *Hudson v. State,* 675 S.W.2d 507, 512 (Tex.Crim.App.1984). Appellant's second point of error is overruled.

■ In his third point of error, appellant complains that although he had in his possession property taken in the burglary, the evidence was insufficient to support his burglary conviction. He argues that there was no direct evidence placing him in the complainant's home, and that the two television sets observed by Officer Kennedy were never directly identified by the complainant.

In reviewing challenges to the sufficiency of the evidence, the evidence should be considered in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989) There was direct evidence of the burglary since appellant was seen exerting control over the stolen property during the course

and commission of the burglary. The security guard caught the appellant "red handed" carrying the complainant's television set into the getaway car. Even if this conviction were based upon circumstantial evidence, appellant's explanation that he was helping a "buddy" move is unreasonable. *See Boudreaux v. State*, 757 S.W.2d 139, 146 (Tex.App.—Houston [1st District] 1988, pet. ref'd).

In his fourth point of error, appellant claims that a new trial should be granted because the evidence was factually insufficient to support a conviction. Appellant relies on the recent opinion of *Meraz v. State*, 785 S.W.2d 146 (Tex.Crim.App.1990) (en banc), which held that the Courts of Appeals have authority to reverse a criminal conviction on the basis that the jury's rejection of the defendant's affirmative defense (competency to stand trial) was against the great weight and preponderance of the evidence in the record. Appellant's reliance on the *Meraz* decision is misplaced. In *Meraz*, the defendant had the burden of proof. The *Meraz* court stated:

> Moreover, when the courts of appeals are called upon to exercise their fact jurisdiction, that is, exercise whether the appellant proved his affirmative defense or other fact issue *where the law designated that the defendant has the burden of proof by a preponderance of the evidence*, the correct standard of review is whether after considering all the evidence relevant to the issue at hand, the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust. (*italics ours*).

785 S.W.2d at 154–55.

A factual review relevant to defendant's burden of proof on an affirmative defense is "mutually exclusive" from a factual review of whether there was sufficient evidence to warrant the conviction. *Id.* at 153; *Hunter v. Texas*, 799 S.W.2d 356 (Tex. App.—Houston [14th Dist.] 1990). The proper standard to determine sufficiency of the evidence is whether any rational trier of fact could have found the prima facia elements of the offense beyond a reason-able doubt as set out above in *Jackson v. Virginia, supra* and *Butler v. State, supra*. The record contains ample evidence to support the jury's verdict beyond a reasonable doubt. Appellant's third and fourth points of error are overruled.

The judgment of the trial court is affirmed.