Garcia Orona v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-308-CR





ABEL GARCIA ORONA,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 



FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT,


NO. 89-311-K, HONORABLE WILLIAM S. LOTT, JUDGE


 




PER CURIAM

 Appellant was convicted of indecency with a child and aggravated sexual assault,
and sentenced to twenty years imprisonment and life imprisonment, respectively. Tex. Penal
Code Ann. §§ 22.021(a)(1)(B)(i), (2)(B), 21.11(a) (1989). In four points of error, appellant
alleges that the district court erred in rendering judgment because: (1) the evidence is legally
insufficient to support a verdict that appellant was guilty of aggravated sexual assault; (2) the
evidence is legally insufficient to support a verdict that appellant was guilty of indecency with a
child; (3) the evidence is factually insufficient to support a verdict that appellant was guilty of
aggravated sexual assault; and (4) the evidence is factually insufficient to support a verdict that
appellant was guilty of indecency with a child. (1) We will affirm.


 Appellant's stepdaughter testified that appellant came into her room at night and
penetrated her anus with his penis. The victim said that her stepsister was in bed when the
incident occurred and that she held her stepsister's hand while appellant penetrated her. The
stepsister testified that appellant came into the room on the night in question, but the stepsister
denied seeing her father molest the victim. The victim also testified that this incident was not the
only time appellant had sex with her. A pediatrician testified that the victim had fissures on her
rectum consistent with penetration by a penis. Finally, a child-protective-service specialist
testified that the victim initially denied being sexually abused, but later said that appellant
penetrated her.

 The critical inquiry on review of the legal sufficiency of the evidence to support
a criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt. The appellate court does not ask whether it believes that the evidence
at trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether,
after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App.
1981).

 When the court of appeals conducts a factual-sufficiency review, the court views
all the evidence equally, including the testimony of defense witnesses and the existence of
alternative hypotheses. The court does not view the evidence in the light most favorable to the
prosecution as it does in legal-sufficiency review. The court should set aside the verdict only if
it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Stone v. State, 823 S.W.2d 375, 381 (Tex. App. 1992, State's pet. ref'd, untimely filed, and
State's mot. for discretionary review without pet. denied); see Cain v. Bain, 709 S.W.2d 175, 176
(1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951).

 When both factual- and legal-sufficiency points of error are raised, the court of
appeals must first examine the legal sufficiency of the evidence. Glover v. Texas Gen. Indem.
Co., 619 S.W.2d 400, 401 (Tex. 1981). When a court sustains a defendant's legal-sufficiency
point of error, the court reverses and reforms the judgment of the trial court to reflect an acquittal. 
When a court sustains a defendant's factual-sufficiency point of error, the court reverses the
judgment of the trial court and remands the cause for a new trial, a result that apparently does not
offend the Double Jeopardy Clause of the Fifth Amendment. See Tibbs v. Florida, 457 U.S. 31,
32 (1982); Stone, 823 S.W.2d at 381 n.9. Obviously a defendant is entitled to an acquittal if one
is warranted under the record.

 The State initially requests that we reconsider our opinion in Stone. Although not
cited by the State, the only express criticism of Stone has been the Fourteenth Court's opinion in
Mukes v. State, 828 S.W.2d 571 (Tex. App. 1992, no pet.). Mukes states, in contrast to our
opinion in Stone, that the Fourteenth Court has not limited the ability of the appellate court to
review the factual sufficiency of the evidence in criminal cases; rather, Mukes implies that it is
the court of criminal appeals' opinion in Meraz v. State that limits factual-sufficiency review. 
Meraz, 785 S.W.2d 146 (Tex. Crim. App. 1990); Mukes, 828 S.W.2d at 573-74.

 We respectfully continue to disagree with the Fourteenth Court of Appeals that
Meraz limited factual-sufficiency review to issues on which the defendant had the burden of proof,
or that the legal-sufficiency test enunciated in Jackson v. Virginia prohibits factual-sufficiency
review of the evidence relative to the state's proof of the elements of the offense. See Jackson,
443 U.S. at 319 n.13 (Jackson test for constitutional adequacy of evidence does not refer to
appellate court's potential factfinding power); Meraz, 785 S.W.2d at 156 (expressly stating that
court of criminal appeals was expressing no opinion on role of courts of appeals in reviewing
factual sufficiency of evidence relative to proof of elements of offense).

 Contrary to the Fourteenth Court's assertion in Mukes, factual-sufficiency review
of the evidence relative to the state's proof of the elements of the offense does not result in unfair
relief for a defendant from the state's burden of proof beyond a reasonable doubt. See Mukes, 828
S.W.2d at 574. By the time the court of appeals reaches the factual-sufficiency point of error,
the court must already have presumed that the evidence supporting the jury's verdict is
constitutionally sufficient for purposes of the Due Process Clause of the Fourteenth Amendment. 
Stone, 823 S.W.2d at 381. A factually-insufficient-evidence point of error does not import the
preponderance-of-the-evidence burden of proof into a factual-sufficiency review. Id. Such a point
of error asks only that the court of appeals, after considering all the evidence without the prism
of "in the light most favorable to the prosecution," set aside a verdict that is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. If factual-sufficiency
review is "fair" in civil cases, how can it be "unfair" to afford criminal defendants the protection
mandated under our state constitution when a constitutionally sufficient verdict nonetheless
appears to be clearly wrong and unjust?

 The State also questions the continuing validity of our opinion in Stone in light of
the opinion of the court of criminal appeals in Geesa v. State, in which that court abolished the
"reasonable hypothesis analytical construct." Geesa, 820 S.W.2d 154 (Tex. Crim. App. 1991). 
Geesa rightfully abolished the logically inconsistent requirement in a circumstantial-evidence case
that a legal-sufficiency review, in which the appellate court must view the evidence in the light
most favorable to the prosecution, must also negate the existence of any alternate reasonable
hypothesis inconsistent with the defendant's guilt. The old test impermissibly placed the appellate
court in the posture of a "thirteenth juror." The State erroneously assumes, however, that a
proper application of the Jackson legal-sufficiency review results in an affirmation that the jury
properly found the defendant guilty beyond a reasonable doubt. A proper application of the
Jackson legal-sufficiency review results only in the appellate court's conclusion that Fourteenth
Amendment due process was not violated, i.e., that any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. The jury's verdict might pass federal
constitutional muster and still be suspect due to the existence of an alternate reasonable
hypothesis. Factual-sufficiency review is the proper method to raise such concerns. (2)

 In points of error 1 and 2, appellant alleges that the district court erred in rendering
judgment because the evidence is legally insufficient to support a verdict that he was guilty of
indecency with a child and aggravated sexual assault. After reviewing the record, we conclude
that legally sufficient evidence exists, when viewed in the light most favorable to the prosecution,
from which a rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt. The child victim testified that appellant penetrated her anus with his penis,
and a pediatrician testified that the victim exhibited a fissure on her rectum that was consistent
with such penetration. While some of the evidence was conflicting, it is legally sufficient to
uphold the conviction. Points of error 1 and 2 are overruled.

 In points of error 3 and 4, appellant alleges that the district court erred in rendering
judgment because the evidence is factually insufficient to support a verdict that appellant was
guilty of indecency with a child and aggravated sexual assault. Even when we view the evidence
without the prism of "in the light most favorable to the prosecution," we hold that the verdict is
not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Points of error 3 and 4 are overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: August 12, 1992

[Publish]
1.   Because a motion for new trial is not a prerequisite for a factual-sufficiency point of
error in a criminal appeal, the specific assertion of error in a factual-sufficiency point of error
is that the trial court erred in rendering judgment, not that the trial court erred in refusing to
grant a new trial. Compare Tex. R. Civ. P. Ann. 324(b) (Supp. 1992) with Tex. R. App. P.
Ann. 30(a) (Pamph. 1992).
2. The test for factual sufficiency when an alternate reasonable hypothesis exists is not the
now-rejected test in Carlsen: a conviction based on circumstantial evidence must exclude every
other reasonable hypothesis except the guilt of the accused. See Carlsen v. State, 654 S.W.2d
444, 447 (Tex. Crim. App. 1983), overruled by Geesa v. State, 820 S.W.2d 154 (Tex. Crim.
App. 1991). Instead, the test for factual sufficiency when an alternate reasonable hypothesis
exists is that the verdict should be set aside only if it is so contrary to the overwhelming
weight of the evidence, i.e., the alternate reasonable hypothesis, as to be clearly wrong and
unjust. Factual-sufficiency review does not, as the State suggests, resurrect the
alternate-reasonable-hypothesis monster slain in Geesa.