Tyrone **HARRELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–92–01219–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 21, 1994.

Kenneth W. Smith, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellant, Tyrone Harrell, was charged with unauthorized use of a motor vehicle. A jury found appellant guilty and the court assessed punishment at forty-five years imprisonment. Appellant raises four points of error. We affirm the judgment of the trial court.

On the evening of April 28, 1992, Andrew DiRaddo and Robin Cavanaugh saw appellant and Eddie Ray Frazier break into DiRaddo's jeep in the parking lot of DiRaddo's apartment complex. DiRaddo immediately went back to his apartment to notify the police. However, by the time Houston Police Officer Santanna arrived, the jeep was gone. Santanna broadcasted a description of the jeep and the suspects on his police radio. Officer Brain Raymond was a few blocks away when he heard the broadcast and saw a jeep drive by. The suspects and the license plate matched the description given by Santanna. Raymond called for assistance and was joined by Sergeant Rohling. Sergeant Rohling maneuvered his car to cut-off the jeep, and appellant, who was driving the jeep, attempted to escape by jumping the curb. The police chased the jeep until it crashed into some shrubbery on the roadside. Appellant and Frazier got out of the jeep and ran. Sergeant Rohling pursued appellant on foot until Rohling fell down and lost sight of appellant. Rohling apprehended appellant minutes later when he saw appellant walking down the street.

In his first point of error, appellant argues that the trial court erred by refusing to sustain his objection to the prosecutor's use of peremptory challenges to exclude three black persons from the jury panel. In order to establish a prima facie case of pur-

poseful discrimination in the selection of a jury, a defendant must show: 1) that he is a member of a cognizable racial group; and 2) that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. *Batson v. Kentucky,* 476 U.S. 79, 96, 106 S.Ct. 1712, 1722–23, 90 L.Ed.2d 69 (1986). The Supreme Court has extended this holding to allow a defendant to challenge the peremptory strikes made against members of a race different from the race of the defendant. *Powers·v. Ohio,* 499 U.S. 400, 409, 111 S.Ct. 1364, 1369–70, 113 L.Ed.2d 411 (1991). Once the defendant makes a prima facie showing of purposeful discrimination, the burden shifts to the State to come forward with neutral explanations for challenging the suspect veniremembers. *Id.* 476 U.S. at 97, 106 S.Ct. at 1723. The prosecutor must give clear and reasonably specific explanations of legitimate reasons for her use of peremptory challenges. *Whitsey v. State,* 796 S.W.2d 707, 713 (Tex.Crim.App.1989). If the State has sustained its burden of producing race-neutral explanations, the burden shifts back to the appellant who must then rebut these explanations or show that they are merely a pretext. *Williams v. State,* 804 S.W.2d 95, 101 (Tex.Crim.App.1991), *cert. denied,* 501 U.S. 1239, 111 S.Ct. 2875, 115 L.Ed.2d 1038 (1991). Appellate courts shall review a trial court's evaluation of the prosecutor's reasons for striking veniremembers under a "clearly erroneous" standard. *Hill v. State,* 827 S.W.2d 860, 865 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 297, 121 L.Ed.2d 221 (1992). ·

■ The prosecutor stated that he struck veniremembers Marilyn Roberts and Nedra Thomas because they appeared to be inattentive. Inattentiveness is a racially neutral reason for exercising a peremptory strike. *Johnson v. State,* 740 S.W.2d 868, 871 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd). The prosecutor observed that both women clutched their purses throughout voir dire, leading the prosecutor to believe that they did not want to be there and that they were ready to leave. In addition, the prosecutor noted that Roberts also held on to an umbrella during the entire ninety minute proceeding and that Thomas appeared to be sleeping. The defense did not dispute the observations of the prosecutor but instead offered other possible explanations for the ladies' conduct. Great deference is given to the trial judge in assessing the credibility of the prosecutor, content of the explanation, and all other surrounding facts and circumstances concerning a finding of purposeful discrimination. *Keeton v. State,* 724 S.W.2d 58, 65 (Tex.Crim.App.1987). We cannot say that the findings of the trial court regarding Roberts and Thomas were clearly erroneous.

■ The prosecutor struck William Neely because the prosecutor did not think that Neely could abbreviate his religion. On his juror information card, Neely listed his religion as "Med." Although the prosecutor acknowledged that he did not know what this meant, he stated that if Neely was trying to convey that he was a Methodist, he incorrectly abbreviated his religion. However, we do not need to review the prosecutor's reasons for striking Neely because Neely was too far down the jury list to be chosen. *See Gambel v. State,* 835 S.W.2d 788, 791 (Tex.App.— Houston [14th Dist.] 1992, no pet.). The last veniremember to be taken for the jury was forty-fourth on the jury list. Neely was forty-seventh on the list. Therefore, appellant can show no harm by the excusal of Neely. *See Rousseau v. State,* 855 S.W.2d 666, 680 (Tex.Crim.App.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). Appellant's first point of error is overruled.

■ In his second and third points of error, appellant argues that his counsel was ineffective for failing to offer the jury information cards at the *Batson* hearing. Appellant contends that the information cards would have supported his claim that the prosecution improperly struck Neely in that the cards would have shown that a number of persons in the venire panel, in addition to Neely, either did not know their religious preference or how to abbreviate it. In addition to his own claim, appellant claims his counsel was ineffective on the behalf of Neely. However, as previously discussed, appellant's objection to the striking of Neely is moot because he can show no harm by the striking of Neely. *See Rousseau,* 855 S.W.2d

at 680; *see also Powers v. Ohio,* 499 U.S. 400, 411, 111 S.Ct. 1364, 1370–71, 113 L.Ed.2d 411 (1991) (holding defendant must suffer "injury-in-fact" in order to bring a *Batson* challenge on behalf of a third party). Appellant's third and fourth points of error are overruled.

 In his fourth point of error, appellant argues that the weight of the evidence fails to establish the element of identity beyond a reasonable doubt. Appellant argues that the Texas Constitution grants conclusive jurisdiction to the courts of appeals over questions of factual sufficiency and great weight and preponderance. *See* TEX. CONST. art. V, § 6. Appellant bases his argument on *Meraz v. State,* 785 S.W.2d 146 (Tex.Crim.App.1990). However, this court has routinely found the *Meraz* standard applicable only when reviewing those issues upon which the defendant bears the burden of proof. *Richard v. State,* 830 S.W.2d 208, 213–14 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd); *Mukes v. State,* 828 S.W.2d 571, 573 (Tex.App.—Houston [14th Dist.] 1992, no pet.); *Brown v. State,* 804 S.W.2d 566, 571 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). In all other instances, we will review a sufficiency of the evidence point in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Mukes,* 828 S.W.2d at 573.

We believe that the evidence was sufficient for the fact finder to determine, beyond a reasonable doubt, that appellant was the perpetrator of the crime. Sergeant Rohling testified that he got a very good look at appellant as Rohling overtook the jeep in his squad car and when appellant bailed out of the jeep after crashing into the bush. At trial, Rohling unequivocally identified appellant as the person he saw driving the stolen jeep. The trier of fact is the exclusive judge of a witness's credibility. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). We may not sit as a "thirteenth juror" and supplant the jury's judgment with our own view of the testimony. *Id.* Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.