NO. 12-01-00064-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


KEDRAN BERNARD SHELBY,
§
 APPEAL FROM THE 145TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS

 

PER CURIAM


 Kedran Bernard Shelby appeals his conviction for possession of a controlled substance. After
finding him guilty, the jury assessed punishment at sixteen months of confinement in a state jail
facility and a $6,000.00 fine. In two issues, Appellant contends the trial court erred in allowing the
prosecutor to strike two African-American veniremembers on the basis of race and in failing to
include a necessary instruction in the jury charge. We affirm the trial court's judgment.

 In his first issue, Appellant asserts the trial court erred in overruling his objections to the
State's use of two peremptory strikes to remove African-American veniremembers. At issue are the
State's strikes against veniremembers two and fifteen. Appellant argues that the prosecutor's stated
reasons for striking these individuals are not racially neutral and that the error was harmful, requiring
a new trial.

 Race-based jury selection is prohibited. Batson v. Kentucky, 476 U.S. 79, 87, 106 S. Ct.
1712, 1718, 90 L. Ed. 2d 69 (1985). After the defendant makes a prima facie case that a
venireperson was excluded on the basis of race, the prosecution must come forward with race-neutral
reasons for exercising the peremptory challenge. Jasper v. State, 61 S.W.3d 413, 421 (Tex. Crim.
App. 2001). A reason is deemed race-neutral so long as no discriminatory intent is inherent in the
explanation given. Williams v. State, 937 S.W.2d 479, 485 (Tex. Crim. App. 1996). The defendant
then has the opportunity to rebut those reasons and the burden of persuasion remains with the
defendant. Jasper, 61 S.W.2d at 421. Finally, the trial judge rules on whether the neutral reasons
given for the peremptory challenge were contrived to conceal racially discriminatory intent. Id. 
Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial
court has ruled on the question of intentional discrimination, the preliminary issue of whether the
defendant had made a prima facie showing becomes moot. United States v. Pofahl, 990 F.2d 1456,
1465 n.4 (5th Cir.), cert. denied, 510 U.S. 898 (1993). In our review of the court's ruling, we must
accept its finding unless we determine that it is clearly erroneous. Jasper, 61 S.W.3d at 421-22. 
Under the clearly erroneous standard, we are to accept the trial court's account of the evidence if it
is plausible in light of the record as viewed in its entirety. Because a determination of purposeful
discrimination usually depends on an assessment of the credibility of witnesses, the content of the
explanation, and all other relevant surrounding facts and circumstances, the trial court's
determination is entitled to great deference. Muhammad v. State, 911 S.W.2d 823, 825 (Tex. App.-
Texarkana 1995, no writ).

 With regard to veniremember two, the prosecutor explained that the veniremember testified
that her ninety-three-year-old mother was in a nursing home and she would have trouble
concentrating on the trial because she could be called at any time to help her mother. Additionally,
she had a nephew in drug rehab. In rebuttal, defense counsel argued that the veniremember's mother
was not having any trouble at this time. Therefore, he contended, that was not a sufficient reason
for her not to serve. Inattentiveness of a veniremember during voir dire is a racially neutral reason
for exercising a peremptory strike. Harrell v. State, 882 S.W.2d 65, 67 (Tex. App.-Houston [14th
Dist.] 1994, writ ref'd). It is a logical extension to say that the prosecutor's belief that an individual
would be inattentive at trial is a racially neutral reason for striking her. The trial court observed the
veniremember as she explained her concern for her mother and was therefore in a position to assess
the potential for inattentiveness at trial.

 When called on to explain her reasons for striking veniremember fifteen, the prosecutor
stated that veniremember fifteen was single, had four children, and worked at a very low income job,
"which is something the State always looks at in terms of responsibility, and how they feel about
different cases." Also, veniremember fifteen fell asleep during jury selection, shook her head at the
prosecutor as she discussed the range of punishment, and glared at the prosecutor at one point during
jury selection. The prosecutor commented that she did not feel at all comfortable with veniremember
fifteen. Defense counsel argued that since an "inordinate number" of African-Americans are in low
income jobs, a policy of striking low income workers is tantamount to a policy of striking African-Americans. Explanations encompassing the areas of economic status, attentiveness and demeanor
are non-racial. United States v. Munoz, 15 F.3d 395, 399 (5th Cir.), cert. denied, 511 U.S. 1134
(1994); Pofahl, 990 F.2d at 1465. Sleeping during voir dire is a racially neutral reason for striking
a prospective juror. Muhammad, 911 S.W.2d at 825. Likewise, glaring at the prosecutor during
void dire is a race-neutral reason. United States v. Mixon, 977 F.2d 921, 923 (5th Cir. 1992).

 Defense counsel did not dispute the prosecutor's observations. He merely looked at the facts
in a different light. Contrary to Appellant's argument, the prosecutor did not say her office has a
policy of striking low income veniremembers. She explained that was a factor to be considered. The
prosecutor's explanations need not have been persuasive, only race-neutral. Purkett v. Elem, 514
U.S. 765, 768, 115 S. Ct. 1769, 1771, 131 L. Ed. 2d 834 (1995) (per curiam). Two of the six
African-American veniremembers who could have served on the jury actually did serve. We discern
no pattern on the part of the prosecutor of striking African-Americans. We cannot say that the trial
court's determination that there was no discriminatory intent inherent in the prosecutor's
explanations was clearly erroneous. Jasper, 61 S.W.3d at 421-22. We overrule Appellant's first
issue.

 In his second issue, Appellant contends the trial court erred in failing to instruct the jury on
the burden of proof regarding an extraneous offense admitted at the punishment phase. Specifically,
he asserts that, when extraneous offense evidence is introduced, the jury should be told not to
consider it unless it first finds beyond a reasonable doubt that the defendant did commit the
extraneous offense.

 The transcript of this case, filed several months before Appellant filed his brief, does not
contain the second page of the court's charge to the jury on punishment. After Appellant filed his
brief, a supplemental transcript was filed in this court containing a complete copy of the charge. On
the second page we find the following language:


 Certain issues have been submitted to you requiring the State to prove the issue beyond a reasonable
doubt.


 In the event you have a reasonable doubt as to the issue submitted, you will find against the State on
such issue and not consider the testimony relating to that issue for any purpose.



 The instruction Appellant contends was erroneously omitted from the charge was actually
included in the charge. Accordingly, we overrule Appellant's second issue.

 We affirm the trial court's judgment.



Opinion delivered February 28, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.























(DO NOT PUBLISH)