Affirmed and Opinion filed July 25, 2002









Affirmed
and Opinion filed July 25, 2002.

 




 
 
 
  
 
 
 




 

 

 

 

 

 

 

                                                  
In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00803-CR

____________

 

LOUIE DEE FEDRICK, Appellant

 

V.

 

THE STATE OF TEXAS ,
Appellee

 



 

On
Appeal from the 179th District Court 

Harris County, Texas

Trial
Court Cause No. 875,124

 



 

O
P I N I O N

Appellant, Louie Dee
Fedrick, appeals his robbery conviction and
subsequent sentence of fifty years=
confinement.  In two points of error,
appellant claims the trial court erred in (1) failing to conduct a Batson
hearing, and in (2) denying his motion for mistrial on the grounds that the
State improperly commented on appellant=s failure
to testify.  We affirm.








On
October 26, 2000, complainant Ghulam Cryana was working at a jewelry store in Almeda Mall when a man, later identified as appellant,
entered the store.  Cryana
testified that after he showed appellant three gold necklaces from a locked
glass cabinet, appellant
pulled out a container and sprayed the contents into Cryana=s
face.  Appellant then ripped the gold
chains from Cryana=s hand and fled from the store. 


Edward Hinton, the Almeda Mall
security manager, saw appellant run across the parking lot and enter another
department store.  Hinton confronted
appellant and escorted him back to Cryana=s
jewelry store.  Cryana
identified appellant as the man who stole the necklaces and sprayed him in the
face.  Appellant was arrested and the
stolen necklaces were found in his pockets. 

Appellant was charged with robbery, and the jury found him
guilty.  The trial court sentenced
appellant to fifty years= confinement, enhanced by prior felony convictions, and imposed
a $10,000 fine.  This appeal followed. 

In his first point of error, appellant complains that the trial
court erred when it denied appellant=s request to conduct a Batson hearing following the
State=s
peremptory strikes.  Appellant argues
that he made a prima facie showing that the prosecutor struck venire
members thirty-five and thirty-eight because they were black.  The record shows that the last venire person
seated on the jury panel was venire person number thirty.  Appellant can show no harm by the prosecutor=s
strike of venire persons thirty-five and thirty-eight because, mathematically,
the two would never have been seated on the jury.  See Rousseau v. State, 855 S.W.2d 666,
680 (Tex. Crim. App. 1993) (recognizing appellant can
show no harm where the complained of venire person could not have been seated
on the jury); Harrell v. State, 882 S.W.2d 65, 67 (Tex. App.BHouston [14th Dist.] 1994, pet. ref=d)
(stating that an appellate court need not review the prosecutor=s
reasons for striking jurors who were too far down the jury list to be chosen
because appellant can show no harm). 
Appellant=s first point of error is overruled.

In his second point of error, appellant claims the trial court
erred in denying his motion for mistrial on the grounds that the State
improperly commented on appellant=s failure to testify. 
The State argues that appellant=s trial counsel first raised the issue of appellant=s
failure to testify by making the following closing argument:








[The
complaining witness, Cryana, is] really the only one
who explained to the twelve of you what happened that day . . . And I think
what=s important in
this case is for the twelve of you because he=s
the only one there who testified and knows of any of the facts about what
happened during that incident . . . that the State claims is a robbery.  That the defense claims is a theft case . . .
.

 

The prosecutor objected, AJudge, I object to the Defense argument because it=s
commenting on the defendant=s failure to testify.@  Appellant=s trial counsel, without objecting or
requesting an instruction to disregard, continued closing argument. 

A defendant must object and pursue the objection to an adverse
ruling in order to complain on appeal about an erroneous jury argument or to
complain on appeal that an instruction to disregard could not have cured an
erroneous jury argument.  Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). 
Even where argument is so inflammatory that an instruction to disregard
would be without value, counsel must object and pursue an adverse ruling to
preserve error on appeal.  See Tex. R. App. P. 33.1(a) (stating that
an appellant must make a timely objection); Campos v. State, 946 S.W.2d
414, 417 (Tex. App.BHouston [14th Dist.] 1997, no pet.) (recognizing
that Cockrell overruled prior caselaw which
held that counsel need not object to blatant and inflammatory argument).  Here, appellant did not preserve error
because he did not timely object and did not request an instruction to cure the
error.  Appellant waived his right to
complain about the improper comment on appeal. 
See Cockrell, 933 S.W.2d at 89.  Accordingly, appellant=s
second point of error is overruled.

The
judgment of the trial court is affirmed. 

 

                                                                               /s/        Leslie Brock Yates

Justice

 

Judgment rendered and Opinion filed July 25, 2002.

Panel consists of Justices Yates, Seymore,
and Guzman.

Do Not Publish C Tex. R.
App. P. 47.3(b).