**Melvin Roosevelt HUNTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–89–914–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 11, 1990.

Hogan Stripling, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Following a trial to the jury, appellant was found guilty of aggravated sexual assault of a child and sentenced to life imprisonment enhanced by four prior felony convictions. On appeal, appellant, in three points of error, challenges the sufficiency of the evidence and the alleged impropriety of a witness' statement during the punishment phase that the appellant was infected with the HIV virus. We affirm.

In his first point of error, appellant contends that the evidence was insufficient to sustain his conviction because the complainant was not a credible witness. In passing on sufficiency points, this court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim. App.1989).

The complainant, a 13–year–old female, testified that on April 24, 1989, appellant, her mother's boyfriend, picked her up at her babysitter's apartment in the same complex where she, her mother, and appel-

lant resided. Upon entering their apartment, the appellant told the complainant to go to her room and began tearing items from the walls and throwing them at her. Appellant told the child he was going to kill her mother and, about 45 minutes later, ordered the child to take off her clothes. When she refused, the appellant grabbed her around the throat, lifted her from the floor, and told her she "better get undressed." She complied and appellant ordered her to go into the bathroom and get on the counter. Appellant then ordered her to spread her legs and, when she again refused to obey, he grabbed her legs and forced them apart. She screamed and attempted to fight off the appellant but he hit her again, choked her, and told her that he was doing this to her because he was mad at her mother. The complainant testified that appellant "put his penis all over me," referring to her vagina. She also testified that appellant's penis came in contact with her vagina, that he penetrated her, and ejaculated onto her genital area. Afterwards, appellant fell asleep on the couch. The complainant ran out of the apartment at the urgings of her neighbors after she indicated to the neighbors through hand signals what the appellant had done to her.

Appellant asserts that complainant's credibility was undermined to the point where this court cannot have confidence in a verdict supported solely by her testimony. We disagree. There was expert testimony by a qualified pediatrician that the lacerations and trauma to the complainant's genital area were consistent with a recent attempt at sexual intercourse. Semen was also discovered on the complainant's outer genitalia. Further, the determination of the credibility of the witnesses and the resolution of the facts are questions exclusively within the province of the jury. The jury is the sole judge of the weight and credibility of the complainant's testimony and could believe all or part of it. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988); *Williams v. State,* 692 S.W.2d 671, 676 (Tex.Crim.App.1984). We overrule point of error number one.

■ Appellant also finds it significant that the complainant's hymen was only lacerated and not completely torn. Thus, appellant argues, there could not have been penetration by an adult penis. This argument is untenable. The statute requires the State to prove that the appellant intentionally or knowingly caused "the sexual organ of a child *to contact* or penetrate the mouth, anus, or sexual organ of another person, including the actor...." Tex.Penal Code Ann. § 22.021(a)(1)(B)(iii) (Vernon 1989) (emphasis added). The record contains sufficient evidence for the jury to have found all elements of the offense.

■ In his second point of error, appellant argues a new and additional standard of evidentiary review is applicable to criminal cases. Relying on a recent court of criminal appeals' decision, appellant urges that we should measure the factual sufficiency of the evidence in this case by the same standard used in civil cases. *Meraz v. State,* 785 S.W.2d 146 (Tex.Crim.App. 1990) (en banc). He asserts that we should determine whether the jury verdict was "supported by the greater weight and preponderance of the evidence." Appellant misapprehends the meaning of the *Meraz* decision. It in no way authorizes a general change in the standard of review for insufficient evidence in criminal cases. That standard remains whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler,* 769 S.W.2d at 239.

In *Meraz,* the court of criminal appeals merely enunciated the standard of review for situations where the defendant has the burden of proof by a preponderance of the evidence. In deciding that a court of appeals has the constitutional power to review the factual sufficiency of the evidence adduced at a competency hearing, the court stated:

We now join our brethren on the Texas Supreme Court and conclude that the "factual conclusivity clause," within Art. V, § 6, operates to limit our jurisdiction and confers conclusive jurisdiction on the courts of appeals to resolve questions of weight and preponderance of the evidence adequate *to prove a matter that the defendant must prove.* Moreover, when the courts of appeals are called upon to exercise their fact jurisdiction, that is, examine whether the appellant proved his affirmative defense or other fact issue *where the law has designated that the defendant has the burden of proof by a preponderance of the evidence,* the correct standard of review is whether after considering all the evidence relevant to the issue at hand, the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust.

*Meraz,* 785 S.W.2d at 154–55 (emphasis added). A factual review relevant to a defendant's burden of proof on an affirmative defense by a preponderance of the evidence is "mutually exclusive" from a factual review of whether there was sufficient evidence to warrant the conviction. *Id.* at 153.

*Meraz* is expressly limited to affirmative defenses and other fact issues that the law requires the defendant to prove by a preponderance of the evidence. No such issue is present here. The record contains sufficient evidence that would allow a rational trier of fact to conclude that the State met its burden of proof on all elements of the offense beyond a reasonable doubt. *Butler,* 769 S.W.2d at 239. We overrule point of error number two.

■ In his third point of error, appellant argues that the trial court committed reversible error in overruling appellant's motion for mistrial when the jury learned during the punishment phase that appellant had tested positive for the AIDS virus. Complainant's paternal grandmother referred to this fact twice during her testimony. Appellant objected to the first statement as being non-responsive. The trial court sustained the objection on that basis

and the error, if any, in admitting the improper testimony was cured by the instruction to disregard. *Livingston v. State,* 739 S.W.2d 311, 335 (Tex.Crim.App.1987), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988).

■ The second reference to the appellant's medical condition occurred as follows:

Prosecutor: Is one of the things that she will be going back for in six months is to be tested for AIDS?

Mrs. Smith: Yes, that's right.

Defense Counsel: Your Honor, again we object to that line of questioning.

The Court: Overruled.

Appellant did not object until Mrs. Smith had answered the question and this failure to make a timely objection to the trial court waived this point of error, if any. *Mulder v. State,* 707 S.W.2d 908, 913 (Tex.Crim. App.1986) (en banc). We overrule point of error number three.

■ Further, a strong argument can be made that the evidence was admissible despite the appellant's objections. The admissibility of evidence at the punishment stage of non-capital felony offenses is largely a function of policy rather than relevancy because there are no discrete factual issues to be determined. *Murphy v. State,* 777 S.W.2d 44, 63 (Tex.Crim.App. 1988) (plurality opinion on State's motion for rehearing). The court of criminal appeals has stated it is unfortunate that "outside of Article 37.07, § 3(a), [the legislature] has given no clear guidance as to what considerations should inform the jury's punishment decision." *Id.* That section allows the state and the defendant to introduce any evidence, subject to the Rules of Evidence, "as to any matter the court deems relevant to sentencing, including the prior criminal record of the defendant, his general reputation and his character." Tex.Code Crim.Proc.Ann. art. 37.07, § 3(a) (Vernon 1981).

In filling what was regarded as a "policy void", the court of criminal appeals has sanctioned the admissibility of evidence at the punishment phase relating to "the cir-

cumstances of the offense itself or to the defendant himself before or at the time of the offense." *Stiehl v. State,* 585 S.W.2d 716, 718 (Tex.Crim.App.1979), *cert. denied,* 449 U.S. 1114, 101 S.Ct. 926, 66 L.Ed.2d 843 (1981). One "circumstance of the offense" is the degree of the victim's injury, including the future ramifications of the injury, "so long as the factfinder may rationally attribute moral culpability to the accused for that injury." *Miller–El v. State,* 782 S.W.2d 892, 896 (Tex.Crim.App.1990) (en banc). Thus, testimony concerning the future hardships of a gunshot victim was held admissible at punishment. *Id.* at 897. In *Killebrew v. State,* 746 S.W.2d 245 (Tex. App.—Texarkana 1987, pet. ref'd), an assault victim testified during the punishment stage concerning the effects of the assault on her day-to-day life, specifically the fear and nervousness she experienced following the crime. The court of appeals held that the testimony related to the nature and circumstances of the offense and the crime's effects on the victim. The facts were, therefore, "legitimate considerations in assessing punishment where the crime is a violent assault on the person." *Id.* at 248.

▪ Similarly, the question of whether or not a defendant is infected with the AIDS virus is a viable concern at the punishment stage for aggravated sexual assault. This is particularly true when, as here, the complainant is a 13–year–old child and there is competent medical testimony that the partial penetration of the child's vagina caused lacerations that were bleeding. Jurors should not be expected to operate in a vacuum, nor to leave their common sense at the door to the courtroom. It is essential to selection of an appropriate sentence to possess "the fullest information possible concerning the defendant's life and characteristics." *Murphy,* 777 S.W.2d at 63 (quoting *Williams v. New York,* 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949)). We are of the opinion that such testimony is admissible as a "circumstance of the offense" and may permissibly be considered by the jury as a potential "long term effect of the injury." *Miller–El,* 782 S.W.2d at 895. The legislature

obviously shares a grave concern in this matter as a recent amendment to the Texas Penal Code makes the intentional, nonconsensual transfer of bodily fluids from any person tested HIV positive a third degree felony. TEX.PENAL CODE ANN. § 22.012 (Vernon Supp.1990). Finding no reversible error, we affirm the judgment.