OPINION


Nos. 04-03-00443-CR & 04-03-00444-CR

Raul RODRIGUEZ,
Appellant

v.

The STATE of Texas,
Appellee

From the 218th Judicial District Court, Wilson County, Texas
Trial Court Nos. 03-01-043-CRW & 03-01-045-CRW
Honorable Ron Carr, Judge Presiding
 
Opinion by:    Karen Angelini, Justice
 
Sitting:            Catherine Stone, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   February 9, 2005

AFFIRMED
            Raul Rodriguez appeals from the sentence rendered against him for his felony convictions
of Escape and Implements for Escape. On appeal, Raul contends that the trial court erred when it
admitted evidence of extraneous crimes (1) because this evidence was irrelevant to sentencing under
article 37.07, section 3(a)(1) of the Texas Code of Criminal Procedure; (2) because this evidence was
substantially more prejudicial than probative under rule 403 of the Texas Rules of Evidence; and (3)
because its admission violated the due process clause of the Fourteenth Amendment to the United
States Constitution.  
FACTUAL AND PROCEDURAL BACKGROUND
            Raul pled guilty to one count of felony Escape and one count of felony Implements for
Escape. By his own account, Raul provided a vehicle so that his oldest son, Michael Rodriguez,
could escape from the Connally Unit of the Institutional Division of the Texas Department of
Criminal Justice located in Kenedy, Texas. 
            During a prison visit on December 10, 2000, Michael, a convicted capital murderer serving
a life sentence, informed Raul that he had a plan to escape from prison. According to Michael, a
prison guard he had befriended was going to help him escape and had agreed to drive him to the
Wal-Mart in nearby Kenedy, Texas. Michael asked his father to leave a car at the Wal-Mart so that
he could drive it to Houston. Michael told his father that, once he got to Houston, he could get a job
offshore on an oil rig, save his money, and move to South America. By his own account, Raul
testified that he had answered Michael’s requests for help in the negative. Nevertheless, Raul
testified that he also told Michael that if he did provide a vehicle, Michael could identify it by a red
Christmas bow on the dashboard and that the key would be hidden in the muffler. 
            On December 13, 2000, Michael and six other inmates (hereinafter the “Connally Seven”)
escaped from the Connally Unit in a 1994 GMC pickup truck. The Connally Seven later abandoned
the pickup truck at the Wal-Mart in Kenedy for a 1989 GMC Suburban. The Suburban, marked by
a red bow, had been purchased by Raul following his visit with Michael, and he had arranged its
delivery to the Wal-Mart in Kenedy, as per Michael’s request. Title to the vehicle and approximately
$300.00 in cash was placed under the mat in the front seat. The Connally Seven’s flight from justice
continued until January 22, 2001, when authorities were able to apprehend the individuals in Teller
County, Colorado. 
            As a result of the escape, Raul was charged with the third-degree felony offense of
Implements for Escape and the second-degree felony of Escape in cause numbers 03-01-043-CRW
and 03-01-045-CRW, respectively. Raul entered a plea of guilty as to both offenses and elected to
have his punishment tried before a jury of his peers. 
            At the punishment phase of Raul’s trial, the State admitted evidence regarding crimes and
misconduct that were committed by the Connally Seven following their escape from prison. 
Pertinent evidence concerned three armed robberies that the convicts had committed while at large,
including one incident, at an Oshman’s Sporting Goods store, that ended in the murder of an Irving,
Texas, police officer. Throughout the punishment hearing, the defense contended that Raul should
not be punished for the misconduct of other persons, and that this misconduct should not have been
admitted at trial. Consistent with this position, at the end of the case, just before summations, the
defense filed its Special Requested Jury Instruction Number One, which sought to tell the jury that
this evidence had been erroneously admitted and that the jury should wholly disregard it. The trial
court refused to give this instruction. Instead, the trial court instructed the jury not to consider the
other crimes evidence unless it found beyond a reasonable doubt that Raul “intended that such bad
acts or offenses would be committed by the other persons, or that he should reasonably have
anticipated that such bad acts or offenses would be committed by the other persons.” 
            Following deliberations, the jury returned a verdict of ten (10) years confinement in the
Institutional Division of the Texas Department of Criminal Justice and a ten thousand dollar
($10,000.00) fine for the offense of Escape. Additionally, for the offense of Implements for Escape,
the jury assessed punishment at five (5) years confinement in the Institutional Division of the Texas
Department of Criminal Justice and a ten thousand dollar ($10,000.00) fine. Rodriguez appeals from
these sentences. 
ADMISSIBILITY OF EVIDENCE
            Raul contends that the trial court erred when it admitted evidence of extraneous crimes (1)
because this evidence was irrelevant to sentencing under article 37.07, section 3(a)(1) of the Texas
Code of Criminal Procedure; (2) because this evidence was substantially more prejudicial than
probative under rule 403 of the Texas Rules of Evidence; and (3) because its admission violated the
due process clause of the Fourteenth Amendment to the United States Constitution. On appeal, we
choose to address these issues of admissibility under a single analysis. We review questions
regarding whether the trial court erred in admitting evidence for an abuse of discretion. Montgomery
v. State, 810 S.W.2d 372, 379 (Tex. Crim. App.1990). Therefore, so long as the trial court’s ruling
was at least within the “zone of reasonable disagreement,” we will not intercede. Id. at 391. 
            During the punishment phase, the State may offer evidence “as to any matter the court deems
relevant to sentencing.” See TEX. CRIM. Proc. Code ANN. art. 37.07, § 3(a) (Vernon Supp. 2004-05). Regarding this instruction, however, the Code of Criminal Procedure does not specifically
define the term “relevant.”


 In our analysis, we are guided by article 37.07, section 3(a) of the Texas
Code of Criminal Procedure, which provides that evidence “relevant to sentence” includes, but is
not limited to: (1) the prior criminal record of the defendant; (2) the defendant’s general reputation;
(3) the defendant’s character; (4) an opinion regarding the defendant’s character; (5) the
circumstances of the offense being tried; and (6) notwithstanding Texas Rules of Evidence 404 and
405, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt
by evidence to have been committed by the defendant or for which the defendant could be held
criminally responsible, regardless of whether the defendant has previously been charged with or
finally convicted of the crime or act. See Tex. Crim. Proc. Code Ann. art. 37.07, § 3(a) (Vernon
Supp. 2004-05). 
            Given the broad standard of article 37.07, § 3(a), the admissibility of evidence at the
punishment phase of a non-capital felony offense is a function of policy rather than relevancy. See
Miller-El v. State, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990). Accordingly, the Court of Criminal
Appeals has observed that in determining what is “relevant to sentencing,” the important question
is “what is helpful to the jury in determining the appropriate sentence for a particular defendant in
a particular case.” See Rogers, 991 S.W.2d at 265. As previously stated, the trial court’s decision
in answering this question is discretionary, and this discretion is broad. Ford v. State 919 S.W.2d
107, 115 (Tex. Crim. App. 1996); see also Frank v. State 992 S.W.2d 756, 757 (Tex.
App.—Houston [1st Dist.] 1999, pet. ref’d). 
            Here, the trial court determined that evidence concerning the misconduct of the Connally
Seven was relevant to the proper assessment of Raul’s punishment. Given this predicate for review,
we cannot as a matter of law disagree. By his own account, Raul provided a vehicle and money so
that his oldest son, Michael Rodriguez, could escape from prison. Based in no small part on Raul’s
provisions, Michael, along with six fellow inmates, managed to elude apprehension by law
enforcement authorities for a period of over one month following their escape.


 During this period,
the Connally Seven committed several violent offenses against the people of the State of Texas, even
murdering one Irving police officer. Yet, throughout these events, Raul consciously withheld
information from the authorities, including information regarding the identity of the vehicle he had
given the escapees, that could have served to aid in their re-capture. Instead, Raul continually, and
by his own admission, lied and misrepresented to the authorities regarding his knowledge of the
escape.  
            On appeal, Raul contends that evidence of offenses attributed to the Connally Seven was
inadmissible because it concerned extraneous acts for which he could not be held criminally
responsible. We do not contest this argument. Based upon these particular facts, however, the trial
court could reasonably find that the evidence bore heavily upon Raul’s character and moral
blameworthiness, and thus was helpful to the jury in determining an appropriate sentence for his
crimes. Accordingly, we cannot say that this evidence was irrelevant to sentencing. 
            Nevertheless, admissibility of punishment phase evidence that the trial court deems relevant
is still subject to a rule 403 analysis. See Rogers v. State, 991 S.W.2d 263, 266-67 (Tex. Crim. App.
1999). Under Texas Rule of Evidence 403, even relevant evidence may be excluded if its probative
value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading
the jury, considerations of undue delay, or needless presentation of cumulative evidence. See TEX.
R. EVID. 403; see also Reese v. State, 33 S.W.3d 238, 240-41 (Tex. Crim. App. 2000) (holding that
relevant rule 403 criteria includes: (1) the probative value of the evidence; (2) the potential of the
evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the time the
proponent needs to develop the evidence; and (4) the proponent’s need for the evidence). Here, we
have already concluded that the evidence of extraneous acts was probative in determining an
appropriate sentence for Raul. However, we also recognize the potential that this type of evidence
has to confuse or impress the jury in some irrational, yet indelible, way. Nevertheless, in our review,
we cannot say the trial court’s decision to admit the evidence lay outside the “zone of reasonable
disagreement.” See Robbins v. State, 88 S.W.3d 256, 260 (Tex. Crim. App. 2002). Likewise, the
admission of this evidence did not deny Raul a fair trial. Having overruled all issues, therefore, we
conclude the trial court did not err in admitting evidence regarding the post-escape crimes and
misconduct attributed to the Connally Seven. 
CONCLUSION
            We affirm the judgments of the trial court.

Karen Angelini, Justice
Publish