NO. 07-08-00290-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
16, 2010

 



 

THOMAS LEWIS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 211TH DISTRICT COURT OF DENTON
COUNTY;

 

NO. F-2006-2346-C; HONORABLE L. DEE SHIPMAN, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

 

A jury convicted appellant Thomas
Lewis of aggravated sexual assault[1]
and indecency with a child[2]
and assessed punishment, enhanced by two prior felony convictions, at
consecutive life sentences.  Through two
points of error, appellant challenges the admission of evidence during the
punishment phase of trial concerning his positive HIV status.  Concluding the trial court did not err by
allowing admission of the evidence, we affirm the trial court=s judgment.

Background

Appellant was charged by indictment
with penetrating, with his finger, the female sexual organ of a child younger
than 14 years of age and not his spouse and, with the intent to arouse or
gratify his sexual desire, exposing his genitals to the same child.  The victim of his offenses was a ten-year-old
girl. 

At trial, the victim testified she
stopped by her grandfather=s recently vacated apartment on her
way home from school one day to see if items had been left behind.  Appellant walked by and asked if she wanted
to go inside her grandfather=s apartment.  She agreed and went with appellant to
retrieve the key.  Once they were inside
the apartment, appellant told the girl to get into a closet.  He threatened to hit her and told her to pull
down her pants.  She complied.  With the two of them sitting facing each
other, appellant inserted his finger into the victim=s vagina.  While doing so, he masturbated until he
ejaculated.  He then allowed the victim
to leave.

The victim went home, visibly upset,
and told her mother and stepfather what happened.  The victim later identified appellant as the
person who assaulted her. She told police appellant was wearing purple shorts
when he assaulted her.  Police later
found purple shorts in appellant=s home. The shorts had a semen stain and a blood stain on
them.  








During the punishment phase of the
trial, the State introduced testimony indicating appellant told a police
officer he was HIV positive.  Appellant
objected to this testimony under Rules 401 and 403 of the Texas Rules of
Evidence.  The trial court overruled the
objection and allowed the officer to testify that appellant told her Ahe was HIV positive.@ 
The State highlighted this fact, along with evidence of appellant=s extensive criminal history, to the
jury during closing punishment argument. 


On appeal, appellant reiterates his
Rule 401 and Rule 403 objections to the officer’s statement.  Tex. R. Evid.
401, 403.  

Applicable Law

Texas Code of Criminal Procedure
article 37.07, § 3(a), governs the admissibility of evidence at a trial's
punishment phase and grants the trial court
broad discretion to admit evidence that it deems relevant
to sentencing. 
See Tex. Code Crim.
Proc. Ann. art. 37.07, ' 3(a)(1) (Vernon 2007). 
Under the plain language of the statute, during the punishment
phase the State may offer evidence on any matter the court deems relevant to sentencing.
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1)
(Vernon 2007).  In ascertaining what is relevant
to sentencing,
the focus is on what is helpful to a jury in deciding an appropriate sentence
for a defendant. Erazo v. State, 144 S.W.3d 487, 491 (Tex. Crim.
App. 2004); Rodriguez
v. State, 163 S.W.3d
115, 118 (Tex. App.--San Antonio 2005), aff’d, 203 S.W.3d 837 (Tex.Crim.App.
2006). The Court of Criminal Appeals has
recognized that "relevance" in the punishment context is different than
"relevance" as defined in Texas Rule of Evidence 401
because sentencing presents different issues than rendering a
verdict on guilt or innocence. Rogers
v. State, 991 S.W.2d
263, 265 (Tex. Crim. App. 1999) (fact-finder in punishment chooses a sentence within a punishment range rather than deciding facts to
determine whether a defendant is guilty). 
Admissibility of evidence at the punishment phase
of a non-capital felony offense is a function of policy rather than relevancy
because, by and large, there are no discrete factual issues at the punishment
stage.  Id.  Some of the policy
reasons to be considered when determining whether to admit punishment evidence include giving complete
information for the jury to tailor an appropriate sentence for the defendant;
the policy of optional completeness; and admitting the truth in sentencing.
Id. at 233-34
(citing Mendiola v. State, 21 S.W.3d 282, 285 (Tex. Crim. App.
2000)).








In accordance with this policy, the
Court of Criminal Appeals has stated that at the punishment phase of a
non-capital felony trial, evidence relating to the Acircumstances of the offense itself
or . . . the defendant himself@ before or at the time of the offense
may be admitted.  Miller-El v. State,
782 S.W.2d 892, 896 (Tex.Crim.App. 1990) (en banc); Stiehl v. State, 585 S.W.2d 716, 718 (Tex.Crim.App. 1979), cert. denied, 449 U.S. 1114,
101 S.Ct. 926, 66 L.Ed.2d 843 (1981).  One such circumstance is the degree of
the victim=s injury, including future
consequences due to the injury, Aso long as the fact finder may rationally attribute moral
culpability to the accused for that injury.@ Hunter v. State, 799 S.W.2d
356, 360 (Tex.App.BHouston [14th
Dist.] 1990, no pet.).  Courts have recognized that a
defendant=s HIV status is admissible as a Acircumstance of the offense@ in an aggravated assault case.[3]  See, e.g., Hunter v.
State, 799 S.W.2d 356, 359 (Tex.App.BHouston [14th
Dist.] 1990, no pet.). See also Suarez v. State, No. 14-03-00441-CR, 2004 WL 1660938 (Tex.App.BHouston [14th
Dist.] July 27, 2004, pet. ref=d) (counsel not ineffective for failing to object to
testimony about defendant=s HIV status because it was
admissible as a circumstance of the offense of aggravated sexual assault of a
child).

Even
where the trial court deems evidence relevant at the punishment stage, that evidence, upon objection,
must still withstand a Rule 403
analysis to be admissible. Rodriguez, 163 S.W.3d at 119. Texas Rule of Evidence 403 provides
that relevant evidence
"may be excluded if its probative value is substantially outweighed by the
danger of unfair prejudice." Tex. R. Evid.
403. The rule carries a presumption that relevant
evidence will be more probative than prejudicial, therefore favoring admission.
Jones v. State, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996). Unfair prejudice can outweigh the probative value
where the evidence has a tendency to influence a jury's decision on an improper
basis. Rogers
v. State, 991 S.W.2d at 266. Rule 403
requires exclusion of evidence only when there is "clear disparity"
between the probative value and the degree of prejudice of the offered
evidence. Jones, 944 S.W.2d at 652. Unfair prejudice does not include
evidence that simply injures the opponent's case. Rogers,
991 S.W.2d at 266 (noting that
injuring the opponent's case is the central point of offering evidence).








A trial court=s admission or exclusion of evidence
is reviewed under an abuse of discretion standard.  See Mozon v.
State, 991 S.W.2d 841, 847 (Tex.Crim.App. 1999); Montgomery
v. State, 810 S.W.2d 372, 379 (Tex.Crim.App.
1991) (op. on reh’g). 
An abuse of discretion occurs when the trial court acts arbitrarily,
unreasonably, or without reference to guiding rules or principles.  Montgomery, 810
S.W.2d at 380.  

Application

Appellant points to the single
statement in the testimony of one police officer that appellant told her he was
AHIV positive.@ 
Appellant then focuses on part of the State=s closing argument:

When you get into punishment, you learn
who that man is that you=re punishing.That=s kind
of what we=ve seen here. 
Now, there was a little bit more about the crime that you learned in
punishment that you didn=t know
in sentencing, [sic] because not only do we have an aggravated sexual assault, we
have an aggravated sexual assault on a ten-year-old girl by a man who knew he
was HIV positive when he went forward to commit that assault.

 

Think about that.  Think about the
risks that he=s willing to place an innocent child
in for his own pleasure, because that=s the difference we see in these crimes and this crime today.

***

A ten-year-old girl should not be facing the decision of having to think
about the consequences of sexual contact. 
Her grandmother and mother should not have to have a conversation with
her or anybody else about what does it mean that my child possibly could have
HIV?  Those are questions that this
little girl does not deserve to face.

And those are the questions.  Her life, her future, her relationships, all are at risk because
this man decided that for his own personal benefit, his moment of enjoyment,
her entire life was worth risking.  That
is what you are deciding on today.  

Appellant contends evidence of his
HIV-positive status was irrelevant absent an indication the victim actually was
exposed to the virus or could have contracted it based on appellant=s actions.  He points out no other evidence concerning
HIV was introduced.  There was no medical
testimony presented and no medical records were introduced showing appellant
had the disease.[4]  No evidence explained that the contact
between appellant and the victim exposed her to a risk of HIV infection.

Without such evidence, appellant
argues, evidence of his mere volunteered statement that he is “HIV-positive”
was irrelevant.  In contrast to the lack
of such evidence here, appellant points to the evidence in Hunter, 799 S.W.2d at 360, which included transfer of ejaculate
into the victim’s mouth and genital area, and partial penetration of the
child’s vagina causing lacerations that bled. 
Additionally, testimony explained how those events could infect the
victim.  Id. at 359-60.  Only the presence of such evidence, appellant
argues, makes a defendant’s HIV status a circumstance of the offense of viable
concern at the punishment stage for aggravated sexual assault.  

We agree with the State that the
evidence was properly admitted.  Even
without medical evidence to verify it, appellant’s volunteered statement has
probative value to show he was infected by the HIV virus when he sexually
assaulted the child, and knew it.  Such
evidence is relevant as a circumstance of the offense that the jury could
consider in assessing punishment.  See Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1)
(listing circumstances surrounding the convicted offense as a type of evidence
admissible at punishment); Hunter, 799 S.W.2d at 360 (whether defendant
was infected with AIDS virus was admissible as a Acircumstance of the offense@ at punishment stage for aggravated sexual assault). 

The court in Atkins
v. State, No. 05-07-00586-CR, 2008 Tex.App. LEXIS 5407 (Tex.App.BDallas July 23, 2008, pet. ref=d) (mem.
op., not designated for publication) found evidence of the defendant’s HIV
status relevant to sentencing as a circumstance of the offense of attempted sexual
performance of a child, despite the lack of evidence of any actual sexual
contact.  Atkins supports the State’s argument the jury may consider, as a
circumstance of the offense, that appellant’s recognized HIV-positive status
placed the victim of his sexual assault at risk of infection, whether or not
the evidence shows any actual transmission of body fluids in a manner likely to
infect.

Moreover,
the record here is not devoid of evidence that appellant’s assault carried an
actual risk of transmission of infection. 
Appellant placed his finger inside the victim=s
vagina and testimony from the nurse who conducted the sexual assault
examination indicated the victim’s vaginal opening and hymen were red and
irritated consistent with such contact.  Appellant
also ejaculated near the victim and had a blood stain and a semen stain on the
shorts he was wearing.  No such stains
were found on the victim=s clothing but the nurse did
indicate Aa
light brown discharge from [the victim=s]
vaginal area.@  While appellant contends on appeal there is
no evidence the victim bled, the jury could have inferred from this evidence
that she did bleed at least to a slight degree. This evidence is closer to that
found in Hunter than appellant
argues.  

Further,
as have other courts, we find the probative value of evidence of appellant’s
HIV status is not substantially outweighed by the danger of unfair prejudice or
distraction of the jury from its task of fashioning an appropriate sentence.  See Hunter, 799
S.W.2d at 360; Atkins, No. 05-07-00586-CR, 2008 Tex.App. LEXIS 5407 at * 19.








 We note also the jury had before it evidence
of appellant=s prior six criminal convictions,
committed over a twenty-eight year period, and evidence of the years appellant
spent in prison for each of these offenses. 
The State highlighted the convictions in its closing argument.  The jury also had before it evidence that at
the time of the present offense, appellant had an outstanding parole violation
warrant.  

We find the trial court did not abuse
its discretion in allowing the police officer to testify about appellant=s statement to her concerning his HIV
status.[5]  We overrule each of appellant=s two issues and affirm the judgment
of the trial court.

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.











[1]  See Tex. Penal Code Ann. ' 22.021 (Vernon
2007).





[2]  See Tex. Penal Code
Ann. ' 21.11 (Vernon
2007). 





[3] Other courts have characterized this type
of evidence as Avictim impact evidence@ that is relevant
to sentencing.  Victim impact evidence
serves to show the circumstances of the offense and is relevant to sentencing
under article 37.07.  See
Tex. Code Crim. Proc. Ann. art. 37.07 (Vernon
2007); Jones v. State, 963 S.W.2d 177, 183 (Tex.App.BFort
Worth 1998, pet. ref=d), quoting
Murphy v. State, 777 S.W.2d 44, 63 (Tex.Crim.App.
1988); Brooks v. State, 961 S.W.2d 396, 398-99 (Tex.App.BHouston
[1st Dist.] 1997, no pet.). 
This type of evidence bears on the defendant=s personal
responsibility and moral guilt and is thus relevant to punishment issues.  See Jones, 963 S.W.2d at 182-83, citing
Stavinoha v. State, 808 S.W.2d 76, 78-79 (Tex.Crim.App. 1991) and Miller-El, 782 S.W.2d at
897.  See also Martinez v. State,
No. 05-03-01243-CR, 2004 WL 2378359 (Tex.App.BDallas
Oct. 25, 2004, no pet.) (mem. op., not designated
for publication) (concluding evidence concerning
appellant=s HIV status and awareness was evidence
related to the circumstances of the aggravated sexual assault offense and was
admissible as victim impact evidence).

 





[4]  The record reflects appellant=s counsel conceded
during closing argument at the punishment phase that appellant is AHIV positive, so
he=s going to be
dying, maybe sooner than his normal life span would be...he=s got to be
dealing with HIV, AIDS, while he=s serving the
sentence.@         





[5] 
Given
our disposition herein, we do not reach appellant=s contentions that
he was harmed by the trial court=s admission of the
testimony.  Tex. R. App. P. 47.1.

10