NO. 07-08-00290-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 16, 2010

_____

THOMAS LEWIS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY;

NO. F-2006-2346-C; HONORABLE L. DEE SHIPMAN, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

A jury convicted appellant Thomas Lewis of aggravated sexual assault[1] and indecency with a child[2] and assessed punishment, enhanced by two prior felony convictions, at consecutive life sentences. Through two points of error, appellant challenges the admission of evidence during the punishment phase of trial concerning

---

[1] *See* Tex. Penal Code Ann. § 22.021 (Vernon 2007).

[2] *See* Tex. Penal Code Ann. § 21.11 (Vernon 2007).

his positive HIV status. Concluding the trial court did not err by allowing admission of the evidence, we affirm the trial court's judgment.

## Background

Appellant was charged by indictment with penetrating, with his finger, the female sexual organ of a child younger than 14 years of age and not his spouse and, with the intent to arouse or gratify his sexual desire, exposing his genitals to the same child. The victim of his offenses was a ten-year-old girl.

At trial, the victim testified she stopped by her grandfather's recently vacated apartment on her way home from school one day to see if items had been left behind. Appellant walked by and asked if she wanted to go inside her grandfather's apartment. She agreed and went with appellant to retrieve the key. Once they were inside the apartment, appellant told the girl to get into a closet. He threatened to hit her and told her to pull down her pants. She complied. With the two of them sitting facing each other, appellant inserted his finger into the victim's vagina. While doing so, he masturbated until he ejaculated. He then allowed the victim to leave.

The victim went home, visibly upset, and told her mother and stepfather what happened. The victim later identified appellant as the person who assaulted her. She told police appellant was wearing purple shorts when he assaulted her. Police later found purple shorts in appellant's home. The shorts had a semen stain and a blood stain on them.

During the punishment phase of the trial, the State introduced testimony indicating appellant told a police officer he was HIV positive.  Appellant objected to this testimony under Rules 401 and 403 of the Texas Rules of Evidence.  The trial court overruled the objection and allowed the officer to testify that appellant told her "he was HIV positive."  The State highlighted this fact, along with evidence of appellant's extensive criminal history, to the jury during closing punishment argument.

On appeal, appellant reiterates his Rule 401 and Rule 403 objections to the officer's statement.  Tex. R. Evid. 401, 403.

Applicable Law

Texas Code of Criminal Procedure article 37.07, § 3(a), governs the admissibility of evidence at a trial's punishment phase and grants the trial court broad discretion to admit evidence that it deems relevant to sentencing.  *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon 2007).  Under the plain language of the statute, during the punishment phase the State may offer evidence on any matter the court deems relevant to sentencing. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon 2007).  In ascertaining what is relevant to sentencing, the focus is on what is helpful to a jury in deciding an appropriate sentence for a defendant. *Erazo v. State*, 144 S.W.3d 487, 491 (Tex. Crim. App. 2004); *Rodriguez v. State*, 163 S.W.3d 115, 118 (Tex. App.--San Antonio 2005), *aff'd*, 203 S.W.3d 837 (Tex.Crim.App. 2006). The Court of Criminal Appeals has recognized that "relevance" in the punishment context is different than "relevance" as defined in Texas Rule of Evidence 401 because sentencing presents

3

different issues than rendering a verdict on guilt or innocence. *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999) (fact-finder in punishment chooses a sentence within a punishment range rather than deciding facts to determine whether a defendant is guilty). Admissibility of evidence at the punishment phase of a non-capital felony offense is a function of policy rather than relevancy because, by and large, there are no discrete factual issues at the punishment stage. *Id.* Some of the policy reasons to be considered when determining whether to admit punishment evidence include giving complete information for the jury to tailor an appropriate sentence for the defendant; the policy of optional completeness; and admitting the truth in sentencing. *Id.* at 233-34 (citing *Mendiola v. State*, 21 S.W.3d 282, 285 (Tex. Crim. App. 2000)).

In accordance with this policy, the Court of Criminal Appeals has stated that at the punishment phase of a non-capital felony trial, evidence relating to the "circumstances of the offense itself or . . . the defendant himself" before or at the time of the offense may be admitted. *Miller-El v. State,* 782 S.W.2d 892, 896 (Tex.Crim.App. 1990) (en banc); *Stiehl v. State,* 585 S.W.2d 716, 718 (Tex.Crim.App. 1979), *cert. denied,* 449 U.S. 1114, 101 S.Ct. 926, 66 L.Ed.2d 843 (1981). One such circumstance is the degree of the victim's injury, including future consequences due to the injury, "so long as the fact finder may rationally attribute moral culpability to the accused for that injury." *Hunter v. State,* 799 S.W.2d 356, 360 (Tex.App.–Houston [14th Dist.] 1990, no pet.). Courts have recognized that a defendant's HIV status is admissible as a

4

"circumstance of the offense" in an aggravated assault case.[3] *See, e.g., Hunter v. State,* 799 S.W.2d 356, 359 (Tex.App.–Houston [14th Dist.] 1990, no pet.). *See also Suarez v. State,* No. 14-03-00441-CR, 2004 WL 1660938 (Tex.App.–Houston [14th Dist.] July 27, 2004, pet. ref'd) (counsel not ineffective for failing to object to testimony about defendant's HIV status because it was admissible as a circumstance of the offense of aggravated sexual assault of a child).

Even where the trial court deems evidence relevant at the punishment stage, that evidence, upon objection, must still withstand a Rule 403 analysis to be admissible. *Rodriguez*, 163 S.W.3d at 119. Texas Rule of Evidence 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Tex. R. Evid. 403. The rule carries a presumption that relevant evidence will be more probative than prejudicial, therefore favoring admission. *Jones v. State*, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996). Unfair prejudice can

---

[3] Other courts have characterized this type of evidence as "victim impact evidence" that is relevant to sentencing. Victim impact evidence serves to show the circumstances of the offense and is relevant to sentencing under article 37.07. *See* Tex. Code Crim. Proc. Ann. art. 37.07 (Vernon 2007); *Jones v. State,* 963 S.W.2d 177, 183 (Tex.App.–Fort Worth 1998, pet. ref'd), *quoting Murphy v. State,* 777 S.W.2d 44, 63 (Tex.Crim.App. 1988); *Brooks v. State,* 961 S.W.2d 396, 398-99 (Tex.App.–Houston [1st Dist.] 1997, no pet.). This type of evidence bears on the defendant's personal responsibility and moral guilt and is thus relevant to punishment issues. *See Jones,* 963 S.W.2d at 182-83, *citing Stavinoha v. State,* 808 S.W.2d 76, 78-79 (Tex.Crim.App. 1991) and *Miller-El,* 782 S.W.2d at 897. *See also Martinez v. State,* No. 05-03-01243-CR, 2004 WL 2378359 (Tex.App.–Dallas Oct. 25, 2004, no pet.) (mem. op., not designated for publication) (concluding evidence concerning appellant's HIV status and awareness was evidence related to the circumstances of the aggravated sexual assault offense and was admissible as victim impact evidence).

outweigh the probative value where the evidence has a tendency to influence a jury's decision on an improper basis. *Rogers v. State*, 991 S.W.2d at 266. Rule 403 requires exclusion of evidence only when there is "clear disparity" between the probative value and the degree of prejudice of the offered evidence. *Jones*, 944 S.W.2d at 652. Unfair prejudice does not include evidence that simply injures the opponent's case. *Rogers*, 991 S.W.2d at 266 (noting that injuring the opponent's case is the central point of offering evidence).

A trial court's admission or exclusion of evidence is reviewed under an abuse of discretion standard. *See Mozon v. State,* 991 S.W.2d 841, 847 (Tex.Crim.App. 1999); *Montgomery v. State,* 810 S.W.2d 372, 379 (Tex.Crim.App. 1991) (op. on reh'g). An abuse of discretion occurs when the trial court acts arbitrarily, unreasonably, or without reference to guiding rules or principles. *Montgomery,* 810 S.W.2d at 380.

Application

Appellant points to the single statement in the testimony of one police officer that appellant told her he was "HIV positive." Appellant then focuses on part of the State's closing argument:

> When you get into punishment, you learn who that man is that you're punishing.That's kind of what we've seen here. Now, there was a little bit more about the crime that you learned in punishment that you didn't know in sentencing, [sic] because not only do we have an aggravated sexual assault, we have an aggravated sexual assault on a ten-year-old girl by a man who knew he was HIV positive when he went forward to commit that assault.

6

Think about that. Think about the risks that he's willing to place an innocent child in for his own pleasure, because that's the difference we see in these crimes and this crime today.

\*\*\*

A ten-year-old girl should not be facing the decision of having to think about the consequences of sexual contact. Her grandmother and mother should not have to have a conversation with her or anybody else about what does it mean that my child possibly could have HIV? Those are questions that this little girl does not deserve to face.

And those are the questions. Her life, her future, her relationships, all are at risk because this man decided that for his own personal benefit, his moment of enjoyment, her entire life was worth risking. That is what you are deciding on today.

Appellant contends evidence of his HIV-positive status was irrelevant absent an indication the victim actually was exposed to the virus or could have contracted it based on appellant's actions. He points out no other evidence concerning HIV was introduced. There was no medical testimony presented and no medical records were introduced showing appellant had the disease.[4] No evidence explained that the contact between appellant and the victim exposed her to a risk of HIV infection.

Without such evidence, appellant argues, evidence of his mere volunteered statement that he is "HIV-positive" was irrelevant. In contrast to the lack of such evidence here, appellant points to the evidence in *Hunter,* 799 S.W.2d at 360, which

---

[4] The record reflects appellant's counsel conceded during closing argument at the punishment phase that appellant is "HIV positive, so he's going to be dying, maybe sooner than his normal life span would be...he's got to be dealing with HIV, AIDS, while he's serving the sentence."

included transfer of ejaculate into the victim's mouth and genital area, and partial penetration of the child's vagina causing lacerations that bled. Additionally, testimony explained how those events could infect the victim. *Id.* at 359-60. Only the presence of such evidence, appellant argues, makes a defendant's HIV status a circumstance of the offense of viable concern at the punishment stage for aggravated sexual assault.

We agree with the State that the evidence was properly admitted. Even without medical evidence to verify it, appellant's volunteered statement has probative value to show he was infected by the HIV virus when he sexually assaulted the child, and knew it. Such evidence is relevant as a circumstance of the offense that the jury could consider in assessing punishment. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (listing circumstances surrounding the convicted offense as a type of evidence admissible at punishment); *Hunter,* 799 S.W.2d at 360 (whether defendant was infected with AIDS virus was admissible as a "circumstance of the offense" at punishment stage for aggravated sexual assault).

The court in *Atkins v. State,* No. 05-07-00586-CR, 2008 Tex.App. LEXIS 5407 (Tex.App.–Dallas July 23, 2008, pet. ref'd) (mem. op., not designated for publication) found evidence of the defendant's HIV status relevant to sentencing as a circumstance of the offense of attempted sexual performance of a child, despite the lack of evidence of any actual sexual contact. *Atkins* supports the State's argument the jury may consider, as a circumstance of the offense, that appellant's recognized HIV-positive

8

status placed the victim of his sexual assault at risk of infection, whether or not the evidence shows any actual transmission of body fluids in a manner likely to infect.

Moreover, the record here is not devoid of evidence that appellant's assault carried an actual risk of transmission of infection. Appellant placed his finger inside the victim's vagina and testimony from the nurse who conducted the sexual assault examination indicated the victim's vaginal opening and hymen were red and irritated consistent with such contact. Appellant also ejaculated near the victim and had a blood stain and a semen stain on the shorts he was wearing. No such stains were found on the victim's clothing but the nurse did indicate "a light brown discharge from [the victim's] vaginal area." While appellant contends on appeal there is no evidence the victim bled, the jury could have inferred from this evidence that she did bleed at least to a slight degree. This evidence is closer to that found in *Hunter* than appellant argues.

Further, as have other courts, we find the probative value of evidence of appellant's HIV status is not substantially outweighed by the danger of unfair prejudice or distraction of the jury from its task of fashioning an appropriate sentence. *See Hunter,* 799 S.W.2d at 360; *Atkins,* No. 05-07-00586-CR, 2008 Tex.App. LEXIS 5407 at * 19.

We note also the jury had before it evidence of appellant's prior six criminal convictions, committed over a twenty-eight year period, and evidence of the years appellant spent in prison for each of these offenses. The State highlighted the

9

convictions in its closing argument. The jury also had before it evidence that at the time of the present offense, appellant had an outstanding parole violation warrant.

We find the trial court did not abuse its discretion in allowing the police officer to testify about appellant's statement to her concerning his HIV status.[5] We overrule each of appellant's two issues and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[5] Given our disposition herein, we do not reach appellant's contentions that he was harmed by the trial court's admission of the testimony. Tex. R. App. P. 47.1.